1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   ANTWONE DORNELL GOOLSBY, SR.,           No. 2:15-cv-2477 KJN P
12                  Plaintiff,
13        v.                                  ORDER
14   A. JENKINS, et al.,
15                  Defendants.
16
17       Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to
18   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
19   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
20   § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See 28
21   U.S.C. § 636(c).
22       Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).
23   Accordingly, the request to proceed in forma pauperis is granted.
24       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.
25   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in
26   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct
27   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
28   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

1   (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

2   In reviewing a complaint under this standard, the court must accept as true the allegations of the

3   complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

4   favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

5   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6         Plaintiff contends that on three separate occasions, defendant Jenkins inappropriately

7   touched plaintiff during pat down searches.  Plaintiff further alleges that defendant Pough

8   witnessed the last incident but did not intervene.

9         Inmate sexual harassment claims that allege brief inappropriate touching by a correctional

10  official are generally found to be noncognizable, particularly if the alleged touching occurred

11  pursuant to an authorized search.  "Even if plaintiff believed that there was a sexual aspect to the

12  search, more is needed."  Smith v. Los Angeles County, 2010 WL 2569232, *5 (C.D. Cal. 2010);

13  adopted by 2010 WL 2572570 (C.D. Cal.  2010); aff'd, 452 Fed. Appx. 768 (9th Cir. 2011)

14  (pretrial detainee failed to state Fourteenth Amendment due process claim, or Fourth Amendment

15  unreasonable search claim, based on plaintiff's allegations that defendant correctional officer,

16  pursuant to a search and without sexual comment, pulled plaintiff's boxers to look at his buttocks,

17  inserted his hand "karate chop" style, into "the cavity of my buttocks . . . until it passed between

18  my legs and reached under and around until he cupped by genitals," id. at *4); citing Berryhill v.

19  Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998) (affirming summary judgment for defendant on

20  plaintiff's Eighth Amendment claim that prison employee's brief touch ("mere seconds") to

21  plaintiff's buttocks during "horseplay," unaccompanied by sexual comments, was an improper

22  sexual advance that "embarrassed" plaintiff ); and Osterloth v. Hopwood, 2006 WL 3337505, *6,

23  *7 (D. Mont. 2006) (dismissing Eighth Amendment claim challenging as sexually abusive an

24  officer's search of plaintiff that allegedly included the officer reaching between plaintiff's legs,

25  grabbing his scrotum and penis, and sliding his hand between plaintiff's buttocks, wherein

26  plaintiff stated to the officer, "that was pretty much sexual assault," and officer responded, "yah

27  pretty much.").

28  ////

More recently, in Watison v. Carter, 668 F.3d 1108, 1112-14 (9th Cir., Feb. 13, 2012), the Ninth Circuit affirmed the dismissal of an inmate's Eighth Amendment sexual harassment claim against a correctional officer who allegedly entered plaintiff's cell while plaintiff was on the toilet, rubbed his thigh against plaintiff's thigh and "began smiling in a sexual contact (sic)," then left plaintiff's cell laughing. The Ninth Circuit ruled that "[t]he 'humiliation' Watison allegedly suffered from the incident with Officer LaGier does not rise to the level of severe psychological pain required to state an Eighth Amendment claim." Id. at 1113. Moreover, the Ninth Circuit found that "Officer LaGier's alleged wrongdoing was not objectively harmful enough to establish a constitutional violation. . . ." Id. at 1114 (citations and internal quotation marks omitted).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

1  complaint be complete in itself without reference to any prior pleading.  This requirement exists
2  because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v.</u>
3  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
4  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
5  original complaint, each claim and the involvement of each defendant must be sufficiently
6  alleged.
7         In accordance with the above, IT IS HEREBY ORDERED that:
8         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
9         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
10 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
11 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
12 Director of the California Department of Corrections and Rehabilitation filed concurrently
13 herewith.
14        3.  Plaintiff's complaint is dismissed.
15        4.  Within thirty days from the date of this order, plaintiff shall complete the attached
16 Notice of Amendment and submit the following documents to the court:
17            a.  The completed Notice of Amendment; and
18            b.  An original and one copy of the Amended Complaint.
19 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
20 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
21 also bear the docket number assigned to this case and must be labeled "Amended Complaint."
22 Failure to file an amended complaint in accordance with this order may result in the dismissal of
23 this action.
24 Dated:  October 21, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gool2477.14

5

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTWONE DORNELL GOOLSBY, | No. 2:15-cv-2477 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| A. JENKINS, et al., | |
| Defendants. | |

   Plaintiff hereby submits the following document in compliance with the court's order filed_____.

   _____     Amended Complaint
DATED:

                              _____
                              Plaintiff